[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANIMJM OF DECISION
The petitioner, by counsel, has filed an amended petition for a writ of habeas corpus. The petition is based on a claim of ineffective assistance of trial counsel.
On June 4, 1990, after a jury trial, the petitioner was found guilty of robbery in the first degree and assault in the first degree, and subsequently sentenced to a total effective sentence of fifteen years imprisonment. The petitioner was represented at the trial by Attorney David Abbamonte.
The ineffective assistance of trial counsel is alleged in paragraph six of the amended petition as follows:
 a. failed to undertake an adequate pretrial investigation of the facts of the criminal case and of the applicable law. b. failed to properly investigate the case and present an adequate theory of defense; c. failed to call witnesses; d. failed to properly challenge the sufficiency of the evidence.
The petition then alleges that if not for the ineffective assistance of counsel the petitioner would not have been convicted and sentenced, and that he would have been successful on appeal.
Thereafter, in response to request for a more specific statement filed by the respondent, the petitioner filed the following responses: CT Page 9532
 In the above entitled matter, the petitioner respectfully responds to the Respondent's request for More Specific Statement of the Petitioner's amended petition as follows:
 As to paragraph 6a and 6b, Attorney Abbamonte failed to negotiate any pretrial investigation as to the case before him and therefore could not render any theory of defense to present.
 As to paragraph 6c, Attorney Abbamonte failed to call a David Womack who would of testified that he was witness to the fact that the Petitioner was not the individual who committed the crimes that he was convicted of.
 As to paragraph 6d, Attorney Abbamonte failed to question the credibility of the state's witnesses or to challenge the evidence presented by the State.
The law is clear with respect to the burden of proof which a petitioner has in claiming ineffective assistance of counsel.
 For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984); Bunkley v. Commissioner of Correction, 222 Conn. 444, 445, 610 A.2d 598 (1992).
As far as paragraphs 6a, 6b and 6d, as made more specific, are concerned, based on the testimony at the habeas hearing before this court and a review of the transcript of the criminal trial, Attorney Abbamonte had the benefit of prior counsel's investigative efforts, was prepared for trial, and conducted a vigorous defense on behalf of the petitioner by way of cross examination of the state's witnesses and by presenting several defense witnesses. Paragraph 6c. as made more specific, claims that Mr. Abbamonte failed to call David Womack who would have testified that the petitioner did not commit the crimes that he was convicted of. Mr. Womack testified at the habeas hearing that he knew nothing about these crimes. CT Page 9533
The petitioner has failed to prove that his trial counsel was ineffective.
Accordingly the amended petition is dismissed.
Hadden, J.T.R.